FILED

2018 Apr-27  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **AXIS INSURANCE COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:16-cv-01021-JHE** |
| | ) | |
| **SHARANDA L. TERRY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, AXIS Insurance Company (hereinafter "AXIS" or "Plaintiff") and responds to the Motion for Summary Judgment filed herein by the Defendant, Sharanda L. Terry (hereinafter "Defendant" or "Terry"), as follows:

## I. INTRODUCTION

1.     The issues in this case relate to coverage under and insurance policy. This Court's Pro Se Guide for Litigants states:

> The old saying, "Ignorance of the law is no excuse," is true here. You are responsible for following the rules and procedures that govern the Court process, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the

1

> United States District Court for the Northern District of Alabama and if you or the other party decide to appeal the final decision, the Federal Rules of Appellate Procedure."

<u>United States District Court Northern District of Alabama Guide for Proceeding Without A Lawyer</u> at 5(October 31, 2016).

2.      "Rules governing the operation of the Court's of this State are no more forgiving to a Pro se litigant than to one represented by counsel." <u>Lockett v. A.L. Sandlin Lumber Co.</u>, 588 So. 2d 889, 890 (Ala. Civ. App. 1991); <u>Leeth v. Jim Walter Homes, Inc.</u>, 789 So. 2d 243, 246 (Ala. Civ. App. 2000). Pleading standards may be more relaxed for pro se litigants in some federal courts, but standards of proof are not.

## II. ARGUMENT

3.      Plaintiff, AXIS, adopts and incorporates herein by reference its Amended Motion for Summary Judgment and all exhibits to the Motion for Summary Judgment filed on April 12, 2018, in response the Defendant's Amended Motion for Summary Judgment. (Doc. 172 and Doc. 161-169 and Doc. 171)

4.      Terry's Motion for Summary Judgment is filled almost completely with irrelevant and immaterial statements relating to matters that do not address the core issues in this lawsuit. She has failed to authenticate exhibits and many of the exhibits

are incomplete. F.R.E. 901 Nothing in her Motion for Summary Judgment is validated or sworn to or affirmed by Ms. Terry. Fed.R.Civ.P. 56(c)(1).

5.      The issues in this case relate to coverage. The Complaint for Declaratory Judgment seeks a declaration that there is no coverage, because Terry was involved in an arson on the property, concealed and misrepresented material facts and circumstances, engaged in fraudulent conduct and made false statements relating to the investigation and the presentation of her proof of loss. Insurance coverage should be denied under Ala. Code §27-14-28 (1975) and the insurance contract, the provisions of which are set forth in the Amended Motion for Summary Judgment. (Doc. 172  at 2-5). Terry has addressed none of these claims or issues in her Motion for Summary Judgment. See also the Affidavit of Kristin Mandell, attached hereto as Exhibit 6. Terry's failure to cooperate and to provide truthful information has caused AXIS substantial cost and harm. Exhibit 6.

6.      Terry dismissed her Counter-Claim yet she seeks damages in her motion.  Her Motion for Summary Judgment is irrelevant and immaterial to the issues currently before the Court.

7.      Ms. Terry repeatedly asserts that AXIS, its attorneys, its representatives, the Birmingham Police Department, the Birmingham Fire and Rescue Service and any and all investigators involved in this case who have

presented evidence against the interests of Ms. Terry have been inconsistent and have made misleading, fraudulent and untrue statements. However, she never addresses any of the evidence or issues relating to whether her insurance claim is due to be allowed. She never sets forth any statements or directs the Court to any evidence addressing the claims in AXIS's Complaint, other than to file what is essentially an amended answer. Her motion is basically an answer and, like an answer, is not sworn to.

8.    In addressing the allegations in the Complaint, Terry tries to make much of the fact that the insurance policy was initially issued as an actual cash value policy (AVC policy), which was replaced by a replacement cash value policy (RCV policy). Attached hereto as Exhibit 10 is a true and correct copy of the ACV Policy. As shown under the list of exclusions, intentional loss is excluded from coverage under the ACV Policy. (Ex. 10 at 5 of 8.) The ACV Policy includes the duty of the insured to cooperate in the investigation being conducted by the insurer, AXIS. Ex. 10 at 7 of 8). The ACV Policy also provides that there is no coverage where the insured intentionally causes the loss, intentionally conceals or misrepresents any material fact or circumstance, engages in fraudulent conduct, or makes false statements relating to the insurance. (Ex. 10 at 8 of 8). This is a coverage case and Ms. Terry's spurious arguments concerning the ACV Policy versus the RCV Policy

are irrelevant and immaterial to the issues before the Court.

9.      A good deal of Terry's argument is also focused on the fact that there was a gas can in the kitchen and a bottle of lighter fluid found in the bedroom. It is not really clear as to why Terry keeps arguing about the gas can and lighter fluid and what the relevance of it is in regard to her coverage.  Terry admitted to having two gasoline cans, but claimed that the one in the photograph was not hers.  In his deposition on December 20, 2017, Sherard Terry claimed that the gas can found in the house and appearing in the photographs of the interior of the burned house was actually his. (Ex. 5 to AXIS' Amended Motion for Summary Judgment – Doc. 171-1 at 160-162; 164; 164, line 12). He finally admitted this one and one-half years after the filing of the Declaratory Judgment action and one year and seven months after Sherard Terry first refused to sit for his Examination Under Oath by AXIS' attorneys. AXIS submits that this evidence is actually further circumstantial evidence that the Defendant was involved in the arson.

10.      Ms. Terry continues to be inconsistent in regard to her timeline for when she left the property before the fire. In her Motion for Summary Judgment, she now claims that she left the subject property "over an hour before" receiving the phone call from her neighbor telling her that her house was on fire. (Doc. 158 at 4). This is a sufficiently open-ended window to allow Ms. Terry to change her story, if

she so desires, and pick any time that creates an alibi for her. She does not state a specific time as to when she left the property or anything else consistent with her past representations about when she left the property, which range over a one and one-half hour period from 10:40 p.m. to approximately 12:10 a.m. to 12:15 a.m.

11.     Sharanda Terry also and once again goes on a tangent concerning various recordings allegedly made by various persons after the fire. However, she does not disclose anything that might be relevant or material evidence that might be contained on any such recordings. A review of the recordings by AXIS's independent investigators, which have been produced to Ms. Terry, show her inconsistencies and her efforts to distract the investigators by providing them with untruthful and spurious information. See Affidavit of Gary McDonald attached hereto as Exhibit 7 and Exhibit T to Exhibit 7; Affidavit of Jeff Starnes attached hereto as Exhibit 8 and Exhibit U to Exhibit 8.

12.     She also claims that the reports from the Birmingham Fire and Rescue Service and the Birmingham Police Department are false, but she does not say why.

13.     She complains because her claim was allegedly "kicked from group to group." The claim was investigated by more than one person or entity and they all came to the same conclusion that the fire was arson and that Ms. Terry was evasive during the investigation. They also concluded that she did not disclose certain facts

to them. See also Exhibits 6, 7 and 8 and exhibits thereto; Affidavit of Ronald Blankeship attached hereto as Exhibit 9.

14.     Terry claims that she did not request the amount for which the property was insured. However, she signed the application and paid the insurance premium.

15.     She goes so far as to claim that AXIS has failed to identify who stated (1) that the fire was a set fire, and (2) that Jamie Moore claimed to have set the fire. However, she has admitted that the fire was arson and she is the one who has insisted that Jamie Moore committed the arson and that his girlfriend, Iesha Mayhand, showed Mr. Moore where Ms. Terry's house was located so that he could catch the house on fire. See also Exhibit 9. She glosses over the fact that Jamie Moore and Iesha Mayhand were both murdered shortly after the fire.

16.     Terry has submitted numerous exhibits that allegedly support her irrelevant and immaterial arguments relating to the recordings, allegedly false actions taken by AXIS, the Courts, the investigators, the police, the fire department and others; the actual cash value and the replacement cash value policies; the application and request concerning the coverage limits; the gas can and lighter fluid bottle. Most of these exhibits are unauthenticated and are also hearsay. F.R.E. 801 and 802, F.R.E. 901.

17.     She claims that the incident report dated July 13, 2016, which is

7

attached to her Motion for Summary Judgment and the revised report of Captain Moseley somehow show that she did not commit arson for the purposes of this civil action. However, as noted in AXIS's Motion for Summary Judgment, both Captain Moseley and Detective Canino still consider her a person of interest in regard to the undisputed arson to the property. (Doc. 172 at 18 and 33). Furthermore, evidence that an alleged arsonist was not prosecuted is inadmissible in a civil action for arson against the alleged arsonist. Champion v. Auto-Owners Ins. Co., 2015 U.S. Dist. LEXIS 64295*12(citing FIGA v. R.V.N.P. Corp., 874 F. 2d 1528, 1531 (11th Cir. 1989); Aetna Cas. & Sur. Co. v. Gosdin, 803 F.2d 1153 (11th Cir. 1986); Williams v. Cambridge Mut. Fire Ins. Co., 230 F. 2d 293 (5th Cir. 1956).

18.     The evidentiary standards for a criminal case and a civil case are different, of course. The insurer does not have to prove arson beyond a reasonable doubt. Proof of arson by a preponderance of the evidence suffices. Such proof may be made by circumstantial evidence if the inferences are not too remote and all circumstances including the inferences, are of sufficient force to bring minds of ordinary intelligence to a persuasion of incendiarism by a fair preponderance of the evidence. Mueller v. Hartford Ins. Co., 475 So. 2d 554, 557 (Ala. 1985); Great Southwest Fire Ins. Co. v. Stone, 402 So. 2d 899 (Ala. 1981); Bush v. Alabama Farm Bur. Mut. Cas. Ins. Co., 576 So. 2d 175 (Ala. 1991).

19.     A summary judgment movant must make a "*prima facie*" showing that the motion satisfies the standard for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 331, 106 S. Ct. 2548 (1986). The prima facie showing must establish that the movant is entitled to judgment as a matter of law and that there is no genuine dispute as to any material fact that would prevent the court from rendering judgment in the movant's favor. Id. at 323.

20.     In Terry's Motion for Summary Judgment, she presents no facts that would support a motion for summary judgment. She has failed to identify the claims or defenses as to which she seeks judgment and the motion must state the grounds for justifying the summary judgment with particularity. She has not identified the claims as to which she seeks summary judgment and she has failed to state the grounds to support judgment as a matter of law on any claims. The motion should also be supported by a legal argument showing that the movant is entitled to a judgment as a matter of law and any factual contentions made by the movant must be supported by evidence as set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(c)(1). Terry has failed to cite any law supporting her motion and she has failed to support the motion with admissible or relevant evidence.

21.     AXIS objects to Terry's argument and rendition of the facts in its entirety, because the facts alleged are irrelevant and immaterial; Fed. R. Evid. 401,

402 and 403; the motion is filled with hearsay; <u>Id</u>. 801 and 802; the exhibits are not authenticated; <u>id</u>. 901; and the alleged facts are not supported by any evidence. Fed. R. Civ. P. 56(c)(1).

## III.  CONCLUSION

Because Terry's Motion for Summary Judgment is not supported by proper evidence or law and because it does not address any of the relevant or material issues in this case, it is due to be denied.

Respectfully submitted,

*s/ Walter F. McArdle*
Walter F. McArdle (ASB-2446-r69w)
Roderick K. Nelson (ASB-8004-n69r)
Attorneys for Plaintiff,
AXIS Insurance Company

**OF COUNSEL:**
**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:     (205) 328B4100
Fax:   (205) 324B8866
email: wfm@spain-gillon.com
email:rkn@spain-gillon.com

10

## CERTIFICATE OF SERVICE

I hereby certify that I have on April 27, 2018 served a copy of the foregoing upon Defendant Via Email and Regular Mail:

Sharanda Terry
112 Green Springs Avenue SW
Birmingham, AL 35211
sharandasexquisite1@gmail.com

s/ Walter F. McArdle
Of Counsel

11